Judge Ewing
delivered the Opinion of the Court.
Watson and Stucker made a contract, whereby the latter let the former have a stud horse, at one hundred and fifty dollars, for which the former paid him twenty five dollars in money, and conveyed to him a tract of land in Illinois, at the price of one hundred and twenty five dollars, warranting against himself and those claiming under him. Watson brought suit at law, and recovered forty dollars in damages for an alleged unsoundness in the horse. And Stucker filed his bill enjoining the judgment, and alleging that the land had been sold for taxes, many years before the sale, which was known to Watson, and fraudulently concealed from him, and that the conveyance, in consequence thereof, passed no title to him; that Watson was insolvent, and praying a set-off against the judgment at law, and general relief.
The defendant denied the fraud, but acknowledged his insolvency. The Circuit Court allowed the set-off, perpetuated the injunction, and decreed Watson to pay, in addition, seventy five dollars to the complainant, and costs; and he has brought the case to this Court.
Relief may be afforded by the Chancellor, on the ground of fraud, or mistake, though the contract of sale was executed. And Watson being insolvent, the Chancellor may take jurisdiction to offset the damages, which Stucker may be entitled to recover, against the judgment of Watson.
But to entitle Stucker to a decree, it behooved him to show that the land was lost, or that the title had failed. To do which, it is necessary for him to show that a sale *582 was made for the taxes, and that all the requisitions of the law, authorizing a sale, have been strictly pursued.
The Chancellor relieving against a fraudulent sale, may have the damages assessed by a jury.
This he has attempted to do, by the depositions of the Auditor of Illinois, and another witness. But those depositions were taken before one justice of the peace only, and were objected to by the defendant’s counsel on that account, and others.
The Circuit Court overruled the objection, and the depositions were used on the trial. We think the objection ought to have been sustained. The law requires that depositions taken out of the State shall be taken before two justices. One has no authority, therefore, to take them, but by the consent of parties.
As the cause will have to be remanded for this error, we would suggest, that it might be deemed necessary for the laws of Illinois, directing the sale, to be proved, as the best evidence of the authority for making it, and as a link in the chain of evidence to show a defect of title.
It would also be proper for a jury to be impanneled, to assess the damages to which the complainant may be entitled, before a final decree is rendered.
The decree is reversed, and cause remanded, that the depositions taken before one justice, may be excluded, and time given to take them over, and further proceedings had in the cause.